IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JENNIFER KOVACS, | Case No. 1:24-cv-6207 |
| Plaintiff, |  |
| vs. |  |
| MUFG BANK, LTD, |  |
| Defendants. |  |

**COMPLAINT**
**29 U.S.C. § 1132(a)(1)(B)**

Now comes the Plaintiff, Jennifer Kovacs, by attorney MICHAEL BARTOLIC of BARTOLIC LAW, and complaining against the Defendant MUFG Bank, Ltd., Plaintiff states:

### INTRODUCTION

1. This is an ERISA long-term disability benefit dispute under a group long-term disability benefit plan.

2. Plaintiff brings this action pursuant to Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132(a), seeking long-term disability benefits due pursuant to the terms of an employee benefit plan, to enforce rights under the plan, and to clarify rights to future benefits under the plan. Plaintiff also seeks attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

### THE PARTIES

3. Plaintiff is a former employee of Union Bank of California. Union Bank of California sponsored an employee welfare benefit plan, as that term is defined in 29 U.S.C. § 1002(1), which provides long-term disability benefits to certain employees. Incident to

1

employment with Union Bank of California, Plaintiff received long-term disability coverage under the plan as a "participant" as defined by 29 U.S.C. § 1002(7).

4. MUFG Bank, Ltd. (hereafter "MUFG Bank") acquired Union Bank of California and is the sponsor of a long-term disability plan—the MUFG Bank, Ltd. Disability Plan—that covers former employees of Union Bank of California receiving disability benefits under the legacy plan under the same terms of the plan as when Union Bank of California sponsored the plan. A copy of the applicable plan document appears as Exhibit 1. MUFG Bank self-insures the plan, paying benefits out of its general assets.

5. MUFG Bank, Ltd. contracts with Matrix Absence Management, or one of its affiliates, to review claims under the MUFG Bank, Ltd. Disability Plan and render benefit determinations on its behalf.

## JURISDICTION AND VENUE

6. The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA—a law of the United States—and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132(a).

7. At all relevant times, Plaintiff lived in the Northern District of Illinois. Venue is thus proper in the United States District Court for the Northern District of Illinois. 29 U.S.C. § 1132(e)(2).

8. The ERISA statute provides a mechanism for administrative or internal appeals of benefit claim denials at 29 U.S.C. § 1133. All required avenues of appeal to exhaust the administrative claim review process have been completed, and this matter is ripe for litigation.

**STATEMENT OF FACTS**

9.  Plaintiff is a participant under the plan. As a participant, Plaintiff was entitled to long-term disability benefits set forth in the governing plan if Plaintiff met the definition of Disabled.

10.  The plan's applicable definition of "Disabled" is:

The terms "Total Disability" or "Totally Disabled" mean that the Participant is unable by reason of an accidental bodily injury, a sickness or a pregnancy,

(a) During the first thirty-six (36) months, to perform the material duties of his job, and

(b) After the first thirty-six (36) months, to work at any job (for pay or profit) for which he is qualified by education, training, or experience.

11.  Plaintiff worked at Union Bank of California as a Credit Policy Analyst. Plaintiff ceased working on May 30, 2002 due to symptoms of Complex Regional Pain Syndrome.

12.  After satisfaction of the plan's 365-day elimination period, long-term disability benefits commenced on May 30, 2003.

13.  Due to the severity of Plaintiff's symptoms, on August 3, 2003 the Social Security Administration adjudicated Plaintiff disabled from performing any substantial gainful activity, and awarded Plaintiff disability benefits under the Social Security Act. Plaintiff has maintained eligibility for these Social Security Disability benefits to the present.

14.  From 2003 to 2006, the plan periodically reviewed Plaintiff's claim and consistently determined Plaintiff was disabled from her own job.

15.  From 2006 to 2023, the plan periodically reviewed Plaintiff's claim and consistently determined Plaintiff was disabled from any job for which she is qualified by education, training, or experience.

3

16. Until 2018, MUFG Bank contracted with Sedgwick Claims Management Services to serve as a third-party claims administrator of the long-term disability plan. After 2018, MUFG Bank contracted with Matrix Absence Management to review claims under the long-term disability plan.

17. Upon information and belief, Sedgwick Claims Management Services obtained and reviewed years of medical records that Sedgwick Claims Management Services did not turn over to Matrix Absence Management.

18. Sedgwick Claims Management Services' claim number for Plaintiff's claim under the plan was 539431.

19. In December 2022, US Bank acquired 60% of MUFG Bank and acquired its federal employer identification number.

20. Matrix Absence Management assigned Plaintiff a new claim number in December 2022, because Plaintiff's claim was covered by a new administrative services agreement, ASL 999292, following the acquisition of MUFG Bank by US Bank. Prior to US Bank's acquisition of MUFG Bank, Plaintiff's claim was covered by administrative services agreement number ASL 999110.

21. Upon information and belief, US Bank and/or MUFG Bank communicated to Matrix Absence Management, or one of its affiliates, that it desired to have fewer legacy claimants on claim under the MUFG Bank, Ltd. Disability Plan.

22. On September 1, 2023, Matrix Absence Management terminated Plaintiff's long-erm disability benefits in writing. Matrix Absence Management contended that the change in definition of disability after 36 months occurred on August 23, 2023, and that Plaintiff was not disabled from Any Occupation as of that date. Matrix quoted terms and definitions from certain

4

Reliance Standard Life Insurance Company long-term disability insurance policies, rather than relying on the terms and language of the governing plan document.

23. On February 27, 2024, Plaintiff timely appealed the denial. With her appeal, she included updated medial treatment records, updated opinions from treating physicians demonstrating Plaintiff lacks sedentary physical capacity, a two-day functional capacity evaluation demonstrating Plaintiff lacks sedentary physical capacity, a medial file review by an independent medical consultant opining Plaintiff is disabled from performing even sedentary work, and a vocational opinion explaining Plaintiff is not suited for any job because she lacks sedentary capacity and would miss too many days of work per month to be employable at any capacity.

24. On June 13, 2024, Matrix Absence Management upheld its decision to terminate benefits in writing, constituting a final administrative decision on Plaintiff's LTD claim.

25. Plaintiff exhausted required pre-litigation remedies under the policy and ERISA regulations, and all conditions precedent to the filing of this action have been performed or have occurred.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in favor of the Plaintiff and against Defendant, and award Plaintiff all past due long-term disability benefits, and order reinstatement of Plaintiff's claim for ongoing benefits;

B. That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the Court award Plaintiff reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit; and

D. That the Plaintiff recovers any and all other relief to which Plaintiff may be entitled.

Respectfully Submitted,

/s/ Michael Bartolic
Attorney for the Plaintiff

Michael Bartolic
Bartolic Law
180 W. Washington Street Suite 700
Chicago, Illinois 60602
Tel: 312-635-1600
Fax: 312-635-1601